UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND VAN HAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-4680 |
| | § | |
| STANDARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

Pending before the Court is the defendant's, Standard Insurance Company, motion for summary judgment (Docket Entry No. 8).  The plaintiff, Raymond Van Ham, filed a response (Docket Entry No. 10), to which the defendant replied (Docket Entry No. 11).  After having carefully reviewed the motion, the responses, the record and the applicable law, the Court grants the defendant's motion.

### II.  Factual Background

This case concerns an alleged breach of a group long-term disability policy.[1]  The plaintiff, a deputy constable, seeks to recover damages under the contested policy, which was issued to him via his employer, Harris County and Harris County Flood Control District.  The policy provided, subject to certain limitations and exclusions, disability benefits for the first twenty-four months if an insured was unable to perform his "own occupation," followed by benefits up to age sixty-five if he remained unable to perform "any occupation," with both of those terms being defined in the policy.  The policy further provides for a three-year contractual

---

[1] Group Policy Number 613517-G, effective March 1, 2001.

limitations period, after which no action in law or equity may be brought to recover on the policy.

In February 2003, the plaintiff made a policy claim for disability benefits, asserting that he had become disabled by arthritis,[2] coronary artery disease, diabetes and sleep apnea on January 14, 2003.  In April 2003, the defendant determined that the plaintiff was disabled from his own occupation and began paying him disability benefits.  On May 4, 2004, the defendant informed the plaintiff that the policy only rendered him eligible for benefits for covered disabilities through the end of the twenty-four month "own occupation" period in April 2005, unless he was shown to be disabled from "any occupation."  In early 2005, the defendant evaluated the plaintiff's ability to return to work in any occupation, and unsuccessfully attempted to telephone the plaintiff four times.  In a letter dated April 18, 2005, the defendant notified the plaintiff that he was receiving final payment on his claim and that his claim was being closed because he did not meet the "any occupation" definition of disability.  That letter also notified the plaintiff that he could request review of the defendant's claim decision within 180 days.

On August 15, 2006, the plaintiff's attorney requested that the defendant review its claim decision.  On September 25, 2006, the defendant upheld its claim decision, then sent the plaintiff's claim file to the administrative review unit ("ARU") to evaluate the defendant's decision.  On November 2, 2006, the ARU upheld the decision.  On October 22, 2010, the plaintiff filed suit in state court, and the defendant timely removed the suit to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[2] The policy included a twenty-four month limited pay period for certain conditions, including arthritis.

**III.    Contentions of the Parties**

    **A.    The Plaintiff's Contentions**

The plaintiff asserts claims for breach of contract, anticipatory breach and violations of Texas Insurance Code § 542.058.[3] He asserts that neither he nor his attorney were aware of the policy's limitations period, despite having requested a copy of the policy multiple times since May 2006. He also claims that the limitations periods had not expired when he filed suit because they did not begin to run until he exhausted all administrative remedies.

    **B.    The Defendant's Contentions**

The defendant contends that the plaintiff's claims are barred by the limitations periods of the policy and various statutes. It also claims that its subsequent review of the plaintiff's claim file did not toll those limitations periods.

**IV.    Standard of Review**

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[3] He originally asserted a claim for breach of the duty of good faith and fair dealing as well, but he has since conceded that his extra-contractual claims are barred by applicable limitations periods.

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis

omitted)).  Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.  Analysis and Discussion

The Court grants the defendant's motion for summary judgment in its entirety.  The plaintiff did not file suit until over five years after the defendant denied his claim, and therefore all applicable contractual and statutory limitations periods have elapsed.  Under the policy's contractual limitations, the plaintiff had three years after his claim was denied to file suit.  Under applicable statutes of limitations, he had up to four years after his claim denial to file suit.  He has cited no legally compelling reason to allow him to proceed with his claims, and therefore no genuine issue of material fact remains in dispute.

Regarding the policy's contractual limitations, Texas law allows parties to contractually limit the time in which a party can bring a contract-based action, so long as it is not less than two years.  *See* TEX. CIV. PRAC. & REM. CODE § 16.070(a); *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App. – Texarkana 1997, no writ).  Indeed, the Texas Insurance Code actually requires that both individual and group accident and health insurance policies include a three-year limitations period.  TEX. INS. CODE §§ 1201.217, 1251.116.  Correspondingly, the "Time Limits on Legal Actions" provision of the currently contested policy provides for a three-year limitations period.[4]

---

[4] Specifically, the policy provides:

This three-year period on a claim for breach of an insurance policy accrues when an insured is denied coverage. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (internal citation omitted). A denial occurs when an insurer's adverse determination regarding a claim and its reasons for the decision are contained in a clear writing to the insured, regardless of the exact language used. *Provident Life & Accident*, 128 S.W.3d at 222 (internal citation omitted). Also, the date on which the insurer closes its claim file provides additional evidence of accrual as an "objectively verifiable event that, unambiguously demonstrate[s the insurer's] intent not to pay the claim," effectively starting the limitations clock. *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App. – San Antonio 2001, pet. denied).

In its letter on April 18, 2005, the defendant notified the plaintiff of his final claim payment and that his claim was being closed. The letter explained the reasoning behind the defendant's actions, including that: (1) any benefits specifically related to the plaintiff's arthritis were limited by the twenty-four month maximum benefit period for that condition; and (2) the plaintiff failed to meet the policy's "any occupation"[5] definition of disability in order to qualify

---

    No action in law or in equity may be brought until 60 days after you have given us Proof of Loss [written proof that the insured is entitled to long-term disability benefits]. No such action may be brought more than three years after the earlier of: (1) The date we receive Proof of Loss; and (2) The time within which Proof of Loss is required to be given.

[5] The policy defines "any occupation" as:
    [I]f, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation. . . . Any Occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work, regardless of whether you are working in that or any other occupation. . . . Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted.

for benefits beyond the twenty-four month "own occupation"[6] period. The plaintiff did not file suit until more than five years later on October 22, 2010. Accordingly, his breach-of-contract claim is barred by the policy's three-year contractual limitations period. *See Jett*, 952 S.W.2d at 109.

The defendant's subsequent review of the plaintiff's claim file in 2006 did not revive or toll the limitations period.[7] *See Pace v. Travelers Lloyds of Tex. Ins. Co.*, 162 S.W.3d 632, 634-35 (Tex. App. – Houston [14th Dist.] 2005, no pet.). Otherwise, "an insurer faced with a request for reconsideration of a denial of coverage would be put to the choice between refusing it outright, thereby risking a bad faith claim, or considering the request and restarting the limitations period." *Pace*, 162 S.W.3d at 634-35 (internal citations omitted). Nor do internal appeals or reviews toll the contractual limitations period. *See Hand v. Stevens Transp. Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. – Dallas 2002, no pet.). Thus, the defendant's 2006 review of the plaintiff's claim did not toll the limitations period, and his suit is barred by the policy's contractual limitations period.[8]

Regarding statutory limitations, breach of contract claims are barred four years from the date the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.051. The statute of limitations under the Texas Insurance Code is either two or four years. TEX. INS. CODE §

---

[6] The policy defines "own occupation" as:
> [A]ny employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation you are regularly performing for your Employer when Disability begins.

[7] The policy does not mandate a review of all claims denials, but allows an insured to request a review within sixty days of denial. That time period notwithstanding, the defendant offered the plaintiff 180 days to request review. Yet he did not request a review until fifteen months later on August 15, 2006. The defendant undertook a review of the plaintiff's denial, despite being under no contractual obligation to do so.

[8] Even if the Court accepted the plaintiff's argument that exhaustion of administrative remedies was required before he had a right to sue, the plaintiff waived his right to formal contractual review by untimely requesting review of his claim denial, pursuant to both the policy deadline of sixty days, and the defendant's extension of 180 days.

541.162, 552.058.[9] As such, even if the Court considers the plaintiff's claims under these limitations periods, they are still barred. The plaintiff cites no case that shows that one provision in an otherwise enforceable contract can be avoided because a party claims not to have had notice of that provision, particularly when the same party is attempting to enforce other provisions of the same contract. Thus, the Court determines that no genuine issue of material fact remains disputed.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendant's motion in its entirety.

It is so **ORDERED**.

SIGNED at Houston, Texas this 3rd day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge

---

[9] The parties dispute whether the applicable limitations period is two or four years for the Texas Insurance Code. The Court need not address the plaintiff's argument in favor of a four-year limitations period because both the two and four-year periods have elapsed.